# ORIGINAL

Priority ✓
Send ✓
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Comite de Jornaleros de Glendale, et al., | NO. CV 04-3521 SJO (Ex) |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION WITHOUT PREJUDICE** |
| v. | |
| City of Glendale, | |
| Defendant. | |

Plaintiffs Comite de Jornaleros de Glendale ("Comite") and the National Day Laborer Organizing Network ("NDLON") seek a temporary restraining order ("TRO") and preliminary injunction to prevent the City of Glendale from enforcing Section 9.17.030 of the Glendale Municipal Code. Plaintiffs assert that the Code violates the protected free-speech rights of day laborers. Plaintiffs state that they bring this application *ex parte* on August 6, 2004, Friday, at 3:36 p.m. because the ordinance is set to be enforced on August 10, 2004. The instant Application was not noticed for hearing. No Opposition has been filed by the City Attorney. Having carefully considered the *Ex Parte* Application for TRO, the court finds that there is no basis for *ex parte* relief. Plaintiffs' Application for TRO is therefore DENIED.

## FACTUAL BACKGROUND

On May 20, 2004, Plaintiffs filed this action against the City of Glendale, challenging the constitutionality of Section 9.17.030 of the Glendale Municipal Code. At that time, this provision

1 prohibited any person, while standing in any portion of the public right-of-way, to solicit or attempt
2 to solicit, employment, business or contributions of money or other property from any person
3 traveling in a vehicle along a public right-of-way. Section 9.17.030 also made it unlawful for the
4 occupant of a motor vehicle, even if parked or standing, to hire or attempt to hire for employment
5 any persons.

6 On June 29, 2004, the City adopted an amended Section 9.17.030, which is similar to the
7 previous version of the provision.

8 On July 30, 2004, Assistant Glendale City Attorney Ann Maurer confirmed that the City,
9 through its police department, will commence enforcement of the amended Section 9.17.030 on
10 August 10, 2004.

## NO EMERGENCY

12 In light of the current state of facts presented in the instant case, the court questions
13 whether a true emergency has been presented to the court justifying the use of *ex parte*
14 procedures. "No preliminary injunctions shall be issued without notice to the adverse Party." Fed.
15 R. Civ. P. 65(a)(1). "A temporary restraining order may be granted without written or oral notice
16 to the adverse party . . . only if (1) it clearly appears from specific facts shown by affidavit or by
17 the verified complaint that immediate and irreparable injury, loss, or damage will result to the
18 applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the
19 applicant's attorney certifies to the court in writing the efforts, if any, which have been made to
20 give the notice and the reasons supporting the claim that notice should not be required." Fed. R.
21 Civ. P. 65(b).

22 The court discourages *ex parte* applications. See *Mission Power Eng. Co. v. Continental*
23 *Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). "The purpose of the first part of the *ex parte*
24 motion papers is to establish why the accompanying proposed motion for the ultimate relief
25 requested cannot be calendared in the usual manner. In other words, it must show why the
26 moving party should be allowed to go to the head of the line in front of all other litigants and
27 receive special treatment." *Id.* at p. 492. "The reasons stated must be supported by deposition
28 transcripts or by affidavits or declarations whose contents would be admissible if the deponents,

affiants, or declarants were testifying in court. A statement 'on information and belief' by the lawyer preparing the papers is insufficient." *Id.*

> When an *ex parte* motion is filed, it is hand-delivered immediately from the clerk's office to the judge. The judge drops everything except other urgent matters to study the papers. It is assumed that the tomatoes are about to spoil or the yacht is about to leave the jurisdiction and that all will be lost unless immediate action is taken. Other litigants are relegated to a secondary priority. The judge stops processing other motions. Even hearings or trials–where a courtroom full of deserving users of the court are waiting–are often interrupted or delayed.
>
> It is rare that a lawyer's credibility is more on the line, more vulnerable, than when he or she has created this kind of interruption. Lawyers must understand that filing an *ex parte* motion, whether of the pure or hybrid type, is the forensic equivalent of standing in a crowded theater and shouting, "Fire!" There had better be a fire.

*Mission Power, supra*, 883 F. Supp. at 491-92.

"What showing is necessary to justify *ex parte* relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect." *Id.*

In the instant case, Plaintiffs failed to make a showing that they are without fault in creating the crisis that requires *ex parte* relief. The City adopted an amended Section 9.17.030 on June 29, 2004. Accordingly, Plaintiffs could have filed a regularly noticed motion immediately thereafter. There is simply no persuasive reason for Plaintiffs to wait until the eleventh hour prior to the enforcement of the amended ordinance before filing this *ex parte* Application.

## CONCLUSION

Based on the foregoing, the court finds that there is no basis for *ex parte* relief. Plaintiffs' Application for TRO is therefore DENIED without prejudice to move for a preliminary injunction and set the motion for hearing on the court's regular law and motion calendar.

Dated this 10 day of August, 2004.

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE